**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ANDREA G. BRIGGS | * | |
| Plaintiff | * | |
| v | * | Civil Action No. DKC-09-2417 |
| JUDGE CATHERINE BLAKE | * | |
| JUDGE WILLIAM D. QUARLES, JR | | |
| JUDGE J. MOTZ | * | |
| JUDGE WILLIAM B. TAXLER, JR. | | |
| JUDGE WIDENER | * | |
| JUDGE J. HARVIE WILKINSON, III | | |
| JUDGE KAREN J. WILLIAMS | * | |
| JUDGE SNEED | | |
| SENIOR JUDGE CLYDE H. HAMILTON | * | |
| JUDGE J. MICHAEL LUTTIG | | |
| JUDGE WILLIAM SESSION | * | |
| JUDGE RICHARD C. WESLEY | | |
| JUDGE DEBRA ANN LIVINGSTON | * | |
| JUDGE BRIAN COGAN | | |
| JUDGE ROSEMARY POOLER | * | |
| JUDGE PETER W. HALL | | |
| JUDGE DAVID TRAGER | * | |
| ROD J. ROSENSTEIN | | |
| STEPHEN SCHENNING | * | |
| ALLEN LOUCKE | | |
| A. FREDERICK | * | |
| THOMAS D. ANDERSON | | |
| HEATHER ROSS and | * | |
| TIMOTHY B. TOMASI | | |
| | * | |
| Defendants | | |

*******

## MEMORANDUM OPINION

    The above-captioned complaint was filed on September 2, 2009.  Plaintiff alleges Defendants

have violated her constitutional rights by dismissing her Americans with Disabilities Act (ADA)

claims, Family Medical Leave Act (FMLA) claims, and Worker Compensation Act claim.

Paper No. 1.  She asserts her claims against the named judges are not barred by judicial

immunity because they are obliged to uphold the law and failed to do so in her cases.  With

respect to the named United States Attorneys, she claims they failed to pursue charges against those who caused her loss of job, home and medical coverage. *Id*. at p. 17.

Plaintiff's claims against federal district and appellate judges must be dismissed. The claims are barred by judicial immunity, as they relate to the substance of the decisions made in previously-filed litigation. "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication." *Forrester v. White*, 484 U.S. 219, 226– 27 (1988). The proper avenue for redress of adverse judicial decisions is appellate review.

Plaintiff's claims against the United States Attorneys are also subject to dismissal. She seeks to impose liability on Defendants for the decision not to pursue criminal charges against regulatory agencies and other parties Plaintiff claims are responsible for her injuries. Paper No. 1. The United States Attorney's decision to seek an indictment or to initiate an investigation into information provided by and individual is discretionary. *See Massey v. Smith*, 555 F.2d 1355 (8th Cir.1977). It is the exercise of that discretion bestowed with the public trust that is the basis of the absolute immunity afforded to prosecutors for decisions made in their official capacity. *See Imbler v. Pachtman*, 424 U.S. 409, 426—27 (1976). The claims raised by Plaintiff fall squarely within the ambit of the claims barred and must be dismissed.

A separate Order follows.

____9/22/09_____                    _____/s/_____
Date                                   DEBORAH K. CHASANOW
                                       United States District Judge